<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4772**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

    v.

CALVIN LAMONT JACKSON,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:06-cr-00712-GRA-1)

———————

Submitted:  April 27, 2010            Decided:  May 26, 2010

———————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven M. Hisker, Duncan, South Carolina, for Appellant.
Elizabeth Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Lamont Jackson pled guilty to one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006), and one count of possession with intent to distribute five grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1) (2006). The district court ultimately sentenced Jackson to 130 months of imprisonment.[*] In this appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court failed to comply with Fed. R. Crim. P. 11 in accepting Jackson's guilty plea. Jackson filed a pro se supplemental brief asserting ineffective assistance of counsel based on appellate counsel's filing of an Anders brief rather than pursuing the claims Jackson desired. The Government elected not to file a brief.

The purpose of the Rule 11 colloquy is to ensure that the defendant enters the guilty plea knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Prior to accepting a guilty plea, a trial court must inform the defendant

---

[*] The district court initially imposed a 144-month sentence, but subsequently reduced it to 130 months of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) (2006).

of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

There is a strong presumption that a defendant's guilty plea is binding and voluntary if the Rule 11 hearing was adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). When, as here, a defendant does not move to withdraw his guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Rule 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Jackson] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Jackson satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alteration omitted).

Jackson has not presented any evidence or argument to demonstrate plain error. Indeed, the record reveals that the district court substantially complied with the Fed. R. Crim. P. 11 requirements during the plea colloquy, ensuring that Jackson's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he pled guilty. The district court did, however, fail to advise Jackson of his rights to persist in his plea of not guilty, to the continued assistance of counsel, or to compel the attendance of witnesses if he decided to proceed to trial.

Because Jackson cannot show that "he would not have entered into his plea agreement with the Government" if the court had advised him of these rights, he cannot establish that the court's omissions affected his substantial rights. See Martinez, 277 F.3d at 532. The district court specifically noted that before changing his plea to guilty, Jackson needed to satisfy the court that the change was voluntary. Moreover, the district court advised Jackson of the panoply of trial rights he would waive if he persisted in his desire to change his plea and provided numerous opportunities to retain his plea of not guilty. Additionally, Jackson had appointed counsel in whom he expressed full satisfaction at his Rule 11 colloquy. Finally, the district court specifically noted Jackson's right to offer

4

evidence on his own behalf.  Because the court did not commit plain error during the Rule 11 hearing, and therefore did not plainly err in accepting Jackson's plea as knowing, voluntary, and supported by a sufficient factual basis, we affirm Jackson's conviction.

Finally, we have reviewed Jackson's pro se submission and find no basis to consider Jackson's ineffective assistance of counsel claims in this appeal.  Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes that counsel's performance was constitutionally deficient.  United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).  To allow for adequate development of the record, ineffective assistance of counsel claims ordinarily should be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion.  United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  The record before this court does not conclusively establish ineffective assistance of counsel.  Thus, we decline to consider Jackson's ineffective assistance of counsel claim.  To the extent Jackson's pro se pleading is construed to raise substantive claims, we conclude that they lack merit.

Having thoroughly reviewed the record and finding no meritorious issues for review, we affirm the district court's judgment.  This court requires that counsel inform Jackson in

5

writing of his right to petition the Supreme Court of the United States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED